Battle, J.
It has been long settled, that a husband may, after marriage, make gifts or presents to his wife which will be supported in equity, against himself and his representatives. Lucas v. Lucas, 1 Atk. Rep. 270; Atherly on Mar. Set. 331. Mr. Adams, in his excellent treatise on the doctrine of Equity, classes meritorious or imperfect consideration under the head of “ Jurisdiction of the Courts of Equity, in cases in which the courts of ordinary jurisdiction cannot enforce aright.” In discussing the subject, he says at page 97, “ the doctrine of meritorious consid*-eration. originates in the distinction between the three classes of consideration on which promises may be based, viz. valuable consideration, the performance of a moral duty, and mere voluntary bounty. The first of these classes, alone, entitles the pro-misee to enforce his claim against an unwilling promisor; the third is, for all legal purposes, a mere nullity until actual performance of the promise. The second or intermediate class is termed meritorious, and is confined to the three duties of charity, of payment of creditors, and of maintaining a wife and children.”
*4 " Considerations of this imperfect class are not distinguished at law from mere voluntary bounty, but are, to a modified extent, recognized in equity. And the doctrine with respect to them is, that although a promise, made without a valuable consideration, cannot be enforced against the promisor, or against any one in whose favor he has altered his intentions, yet if an intended gift or meritorious consideration be imperfectly executed, and if the intention remains unaltered at the death of the donor, there is an equity to enforce it in favor of his intention, against persons claiming by operation of law, without an equally meritorious claim.”
The doctrine, thus clearly and explicitly stated, is so directly applicable to this case, that it saves us the necessity of further investigation. The wife was certainly an object of meritorious consideration ; the gift of the slaves, by the deed executed by the husband, was imperfect; the intention of the donor remained unaltered at his death ; and the gift is sought to be enforced against persons, to wit, his children claiming by operation of law, without an equally meritorious claim, because those by a former marriage had been advanced by their father in his lifetime, and those by her wore provided for in the same deed. The case of Holloway v. Headington, 8 Simons Rep. 324, (11 Con. En. Chan. Rep. 459), decided by Vice Chancellor Shadwell, to which we are referred by the defendant’s counsel, does not militate against this principle. In that case, by a voluntary settlement, a husband and wife assigned all the property to which his wife then was, or which she or her husband in her right, might become entitled to, in trust to the wife for life, for the husband for life, and for the children of the wife living at her death, whether begotten by her then or any future husband. The Court refused to give effect to it, because it was vague and unreasonable ; and because it might, in a certain contingency, if sustained, give the whole of the wife’s fortune, not to her grandchildren by her husband, but to a child of a future husband. In the case before us, on the contrary, the intended settlement is certain and reasonable — a provision made by a husband for his wife after his children had already been provided for. The case of Huntly v. Huntly, 8 Ire. Eq. Rep. 250, decides that though a deed from a husband to his wife for slaves cannot have the effect of vesting a title in her, yet it amounts to a declaration of trust in her favor.
*5 The defendant, must be declared a trustee for the plaintiff, and must execute a deed to be approved by the Clerk, by which the legal title of the slaves in controversy, with their increase, if any, shall be conveyed absolutely to her.
Per Curiam. Decreed accordingly.